IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEIDI F. KEMP, <br><br>    Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br>    Defendant. | REPORT AND RECOMMENDATION <br><br><br> Case No. 1:14-cv-00037-CW-PMW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Paul M. Warner |

      Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). United States District Judge Clark Waddoups has referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on April 7, 2016, the undersigned recommends that the Commissioner's decision be AFFIRMED.

      This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or

**Page 1**

substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

In this case, Plaintiff claimed disability at the age of 36, based on a traumatic brain injury (TBI), migraine headaches, bipolar disorder, anxiety, and depression (Tr. 217-18, 283). She completed one year of college and had past relevant work as a cashier and performing data entry (Tr. 274-76). The ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 12-27). *See generally* 20 C.F.R. § 404.1520(a)(4). As relevant here, the ALJ found that Plaintiff had severe impairments (major depressive disorder, anxiety disorder, obesity, and mild degenerative disc disease), but that she retained the residual functional capacity to perform a reduced range of unskilled sedentary or light work (Tr. 14-25). Considering this residual functional capacity, the ALJ found that Plaintiff was not capable of performing her past relevant work, but could perform other jobs existing in significant numbers in the national economy (Tr. 25-27).

Plaintiff now brings a very limited challenge to the ALJ's decision, asserting only that the ALJ violated his duty to fully and fairly develop the administrative record (Plaintiff's Brief (Pl. Br.) 5-8). Specifically, Plaintiff argues that, on remand, the ALJ erred by failing to provide updated medical records to medical expert Dr. Atkin and then rejecting Dr. Atkin's opinion on the basis that the expert had not reviewed the entire record (Pl. Br. 5-8). The Court finds that this claim is without merit.

As a preliminary matter, it is undisputed that the ALJ erred in failing to update Plaintiff's medical records prior to forwarding her file to Dr. Atkin for review. However, the Court

**Page 2**

concludes that any error was harmless. *See, e.g., Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) (noting that courts should not reverse for error that, "based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings" (quotation and citation omitted)). While the Appeals Council instructed the ALJ to "obtain available updated treatment records," that was not a condition precedent to obtaining "evidence from a medical expert qualified in psychiatry . . . to clarify the nature and severity of the claimant's mental impairments" (Tr. 114). Furthermore, the ALJ did comply with the remand order by obtaining updated medical records, and it is the conclusion of this Court that even if Dr. Atkin had reviewed those updated records, they would not have supported Dr. Atkin's opinion that Plaintiff met Listing 12.04.

Here, Dr. Atkin submitted responses to interrogatories indicating that Plaintiff's impairments satisfied the criteria of Listing 12.04(C) (Tr. 584-94, 606-09). Listing 12.04 (affective disorders), which the ALJ specifically considered (Tr. 12-13), consists of so-called "A" criteria, "B" criteria, and "C" criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. The A criteria documents the presence of a particular mental disorder, whereas the B and C criteria describe functional limitations that are incompatible with the ability to do any gainful activity. *See id.* at § 12.00(A) (introduction to the mental health listings). The functional limitations in the B and C criteria "must be the result of the mental disorder described in the diagnostic description." *Id.* For purposes of Listing 12.04, the impairments must satisfy both the A and B criteria or the C criteria. *See id.* at § 12.04.

In the present case, the Court finds that Plaintiff did not meet her burden of showing that her impairments met or equaled all the criteria of Listing 12.04 for the requisite 12 months,

**Page 3**

because her impairments did not meet the B or C criteria.  The B criteria for Listing 12.04 are as follows:

> B.  Plaintiff's mental impairments result in at least two of the following:
>
>    1.  Marked restriction of activities of daily living; or
>    2.  Marked difficulties in maintaining social functioning; or
>    3.  Marked difficulties in maintaining concentration, persistence, or pace; or
>    4.  Repeated episodes of decompensation, each of extended duration

*Id.* at § 12.04(B).  "Marked" difficulties are those that are more than moderate, but less than extreme.  *Id.* at § 12.00(C).  Episodes of decompensation are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning," and may be demonstrated by an exacerbation requiring increased treatment or a less stressful situation, significant alteration in medication, or the need for a more structured psychological support system, e.g., hospitalization.  *Id.* at § 12.00(C)(4).  The term "repeated episodes of decompensation, each of extended duration," means three episodes within one year, or an average of once every four months, each lasting for at least two weeks.  *Id.*

With regard to the B criteria of Listing 12.04, the ALJ reasonably concluded that Plaintiff had only mild restrictions of activities of daily living; moderate difficulties in social functioning; moderate difficulties in concentration, persistence, or pace; and no episodes of decompensation (Tr. 15).  These findings are consistent with the fact that Plaintiff was able to care for her own personal needs, prepare simple meals, do light housework, drive, go shopping, volunteer at her child's school, and look for work during the relevant period (*see, e.g.* Tr. 259-61, 660).
*See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding that

Commissioner's findings "are upheld if supported by inferences reasonably drawn from the record").

Next, because Plaintiff's impairments did not satisfy the B criteria of Listing 12.04, the ALJ proceeded to consider the C criteria (Tr. 16).  The ALJ correctly determined that Plaintiff did not require a highly supportive living environment (*i.e.*, a hospital, half-way house, or in-home care), and there was no evidence of a history of episodes of decompensation, or a condition in which decompensation was expected in the presence of any minimal increase in the mental demands placed on her or change in the environment (Tr. 16).  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).  Therefore, the Court finds that the ALJ reasonably determined that Plaintiff did not meet the requirements of Listing 12.04.

Furthermore, although Dr. Atkin opined that Plaintiff met this Listing, Dr. Atkin failed to explain the contradictions in his opinions.  For example, Plaintiff's medical history did not show any documented episodes of decompensation as required to meet 12.04(C), which Dr. Atkin admitted (Tr. 16; *see* Tr. 588, 607).  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04(C).  There was also no evidence that a marginal increase in mental demands would cause Plaintiff to decompensate (Tr. 16).  *Id.*  Indeed, Plaintiff worked in the past and there was no evidence that she decompensated because of the mental demands of her work.  In addition, as the ALJ reasonably found, even Dr. Atkin's specific responses did not indicate that Plaintiff had two marked limitations or one extreme limitation in the four areas of functioning, as required to meet the B criteria (Tr. 16; *see* Tr. 591-92, 607).  *Id.* at § 12.04(B).  Dr. Atkin opined only that Plaintiff had moderate restrictions in her activities of daily living and maintaining social function and marked difficulties in maintaining concentration, persistence, or pace, which is insufficient

**Page 5**

to meet 12.04(B) (Tr. 591-92, 607).  Thus, the Court concludes that it was proper for the ALJ to accord Dr. Atkin's opinion no weight (Tr. 16, 23-24).  *See* 20 C.F.R. § 404.1527(c)(3); *id.* at (c)(4); *Newbold v. Colvin*, 718 F.3d 157 (10th Cir. 2013) (affirming the ALJ's decision discounting the treating physician's opinion where the doctor's treatment note from the same day was inconsistent with the doctor's opinion).

The Court further concludes that the opinions from the state agency psychologists were supported by the record as a whole, in light of Plaintiff's updated medical records demonstrating that she was doing well overall (*see, e.g.*, Tr. 631-80).  Because the opinions of the state agency psychologists were consistent with the record as a whole, which showed that Plaintiff's mental impairments were not so severe as to preclude all work activity, they provided substantial evidence in support of the ALJ's residual functional capacity assessment.  *See* 20 C.F.R. § 404.1527(e)(2)(i) (noting that state agency medical consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation"); *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (holding that a non-examining physician is an acceptable medical source, whose opinion an ALJ is entitled to consider).

As such, this Court concludes that the Commissioner's decision is supported by substantial evidence, and that evidence as a whole supports the ALJ's decision.  It is therefore recommended that the decision of the ALJ be affirmed.

## RECOMMENDATION

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, the Court hereby recommends that it be AFFIRMED.  The parties are advised of their

right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 26, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

DATED this 9th day of May, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

**Page 7**