IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HEIDI F. KEMP,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | **ORDER ADOPTING REPORT &<br>RECOMMENDATION**<br><br>Case No 1:14-cv-37-CW-PMW<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Heidi F. Kemp appeals the Social Security Administration's denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 14.) On May 9, 2016, Judge Warner recommended that the court affirm the Commissioner's decision denying Ms. Kemp's application for disability insurance benefits and dismiss her social security appeal. (Dkt. No. 31.) On May 23, 2016, Ms. Kemp filed an Objection to Judge Warner's Report and Recommendation. (Dkt. No. 32.) On June 1, 2016 the government filed a response to Ms. Kemp's Objection. (Dkt. No. 33.)

Upon review of the file *de novo*, the court agrees with Judge Warner that the ALJ's failure to send Ms. Kemp's updated medical records to Dr. Atkin constitutes harmless error. (Dkt. No. 31 at 2–3.)

1

Plaintiff objects that to find such error harmless would render the Appeals Council's remand order "toothless" or "impotent." (Dkt. No. 32 at 1, 5.) On finding the original administrative record incomplete, the Appeals Council directed the ALJ to obtain updated treatment records and additional evidence concerning Ms. Kemp's mental impairments, and, *if necessary*, obtain evidence from a qualified medical expert to clarify the nature and severity of those impairments. (Tr. 113–14.) As Judge Warner notes, the ALJ's obtaining updated records and additional evidence "was not a condition precedent" to seeking a medical expert opinion, even if the ALJ found medical expert evidence necessary to clarify Ms. Kemp's mental impairments. (Dkt. No. 31 at 3.) By its terms, the Council's remand order does not create an obligation on the part of the ALJ to request a medical expert opinion based on the updated information. (*See* tr. 114.) Nor do the Commissioner's guidelines require the ALJ to obtain an updated medical opinion in these circumstances; consistent with the remand order, the guidelines give the ALJ discretion to determine whether an updated opinion is necessary. SSR 96-6p, 1996 WL 374180, at *3–4 (July 2, 1996) (discussing how an ALJ must obtain an updated medical expert opinion when, in the ALJ's opinion, additional medical evidence is received that may change the medical consultant's findings).

The ALJ retains the responsibility for deciding the legal question of whether a claimant's impairment meets or equals a listing and is therefore disabled. SSR 96-6p, 1996 WL 374180, at *3 (reflecting that only the ALJ can determine medical equivalence, and the ALJ need not defer to a state agency consultant's findings or expert opinion evidence); 20 C.F.R. § 404.1527(d)(1) & (2) (stating that the Commissioner is responsible for determining medical equivalence to a listing, as well as  the ultimate

disability determination); *see White v. Massanari*, 271 F.3d 1256, 1259 (10th Cir. 2001) (observing that "a treating physician's opinion is not dispositive on the ultimate issue of disability") (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).  The ALJ need only weigh the medical opinion and articulate valid reasons for rejecting it.  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (holding the ALJ need only provide "good reasons" for the weight assigned to treating source opinions).

Ms. Kemp complains that the ALJ rejected Dr. Atkin's expert opinion largely because Dr. Atkin failed to review critical evidence after October 2011—evidence over which, Ms. Kemp emphasizes, the ALJ had exclusive control and ability to send to Dr. Atkin.  While the ALJ did indeed reject Dr. Atkin's opinion for failing to review critical exhibits in the updated record, the ALJ also articulated other valid, supportable reasons for rejecting Dr. Atkin's opinion. The ALJ found Dr. Atkin's opinion was "not well explained" and discussed how Dr. Atkin's specific interrogatory responses did not indicate Ms. Kemp's mental impairment met or equaled a listing. (Tr. 16.) Judge Warner notes that Dr. Atkin failed to explain contradictions between the medical evidence on record and his conclusion that Ms. Kemp's mental impairment met or equaled a listing. (Dkt. No. 31 at 5–6; *see* 20 C.F.R. § 404.1527(c)(4) (noting the ALJ will consider an opinion's consistency with the record as a whole).)

In any event, the Court agrees that substantial evidence supports the ALJ's finding that Ms. Kemp's mental impairments do not satisfy the B or C criteria for Listing 12.04. (Dkt. No. 31 at 4–5; tr. 15–16.) Ms. Kemp does not indicate how the updated treatment records would have changed Dr. Atkin's opinion, or the ALJ's reasons for

discounting Dr. Atkin's opinion, or the ALJ's ultimate determination that Ms. Kemp was not disabled under the meaning of the Act. The court concludes any error in the ALJ's failure to send Dr. Atkin the updated medical records is harmless.

After *de novo* review of the record, the court APPROVES AND ADOPTS Magistrate Judge Warner's Report and Recommendation in its entirety. (Dkt. No. 31.) Accordingly, this case is hereby DISMISSED with prejudice.

DATED this 19th day of December, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge

4